IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHYLLIS MANGUM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES STEEL CORPORATION ) <br>  d.b.a GRANITE CITY STEEL COPRPORATION, ) <br> ) <br> Defendant. ) | Cause No.: 3:20-CV-540 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

## PARTIES & JURISDICTION

COMES NOW Plaintiff Phyllis Mangum ("Plaintiff" or "Mangum"), by and through her attorneys, and for her complaint against Defendant United States Steel Company, doing business as, Granite City Steel Corporation, states as follows:

1. This is an action for damages brought for discrimination based on race and gender pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C., Section 2000 *et seq,*, the Illinois Human Rights Act, 775 ILCS 5/et seq. ("IHRA").

2. Plaintiff is an individual residing in the State of Illinois in the Southern District of Illinois.

3. Defendant United States Steel Corporation is a Pennsylvania corporation, doing business in the State of Illinois.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1367.

5. Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

6. Venue is proper in the Southern District of Missouri because Plaintiff resides therein, Defendant does business herein, and all of the events complained of herein occurred in the State of Illinois within the Southern District of Illinois.

7. Plaintiff filed a Charge of Discrimination with Illinois Department of Human Rights, which was dual filed with the Equal Employment Opportunity Commission. She received a Notice of Right to Sue Letter from the EEOC and has timely filed this action within 90 days of receipt of that Notice of Right to Sue Letter. (See the attached <u>Exhibit 1</u>). Plaintiff has not yet received a Notice of Right to Sue Letter from the Illinois Department of Human Rights.

8. Although the Illinois Department of Human Rights has yet to issue Plaintiff its own right to sue letter where multiple administrative remedies exit and at least one is exhausted, Illinois Courts have allowed plaintiffs to proceed without exhausting every single administrative remedy. See *Castaneda v. Illinois Human Rights Commission*, 132 Ill. 2d 304, 308-309 (Ill. 1989).

9. Because Plaintiff has exhausted her EEOC administrative remedies, this action is properly brought under both Title VII and the IHRA.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff was employed as a manager at Granite City Steel Corporation.

11. Plaintiff is an African-American female.

12. During her employment Plaintiff reported multiple incidents of sexually hostile comments, sexual content and inappropriate and abusive language directed towards her by white male employees.

13. Nothing was done to correct the behavior.

14. There was only one other African-American manager. When he was placed on a performance improvement plan, Plaintiff refused to agree with the allegations and instead offered to act as a witness for the other African-American employee.

15. In retaliation, Plaintiff was placed on a performance improvement plan that was based upon false and unfair accusations.

16. After that, Plaintiff was faced with further hostility and abusive behavior based upon her race and gender.

17. The abusive behavior became so intolerable that Plaintiff was forced to take medical leave.

18. In October 2019, Plaintiff was informed that they could not yet find any fireable offense to accuse her of, but warned that she would be fired for any safety related offense.

19. During this meeting Plaintiff stated that she was being discriminated against and retaliated against, and stated that she wanted to make a formal, written complaint. The human resources representative stated that they would schedule a meeting with her to do that at a later time.

20. Later that same day, October 10, 2019, Plaintiff was fired.

**COUNT I – Title VII RACIAL AND GENDER DISCRIMINATION AND RETALIATION**

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count I of her Complaint, states as follows:

21. Plaintiff incorporates the preceding paragraphs of this Complaint into Count I of this Complaint as if fully set forth herein.

22. Plaintiff was subjected to discrimination based upon her gender, female, and race, African-American, by Defendant.

23. Plaintiff was the only female and African-American female employed as a manager by Granite Steel Corporation.

24. Because of her gender and race, Plaintiff was treated differently, and ultimate fired for pretextual reasons.

25. Defendant retaliated against Plaintiff for complaining about racial and gender discrimination.

26. After Plaintiff requested to make a formal complaint in writing, Plaintiff was terminated the same day.

27. As a direct and proximate result of Defendants' actions, Plaintiff has sustained and will continue to damages.

28. The conduct of Defendants was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendants.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendants and thereafter:

A. Order Defendants to make Plaintiff whole for any damages she has suffered including back pay, benefits of employment, and front pay;

B. Order Defendants to pay Plaintiff compensatory damages and damages for her mental anguish and humiliation

C. Award Plaintiff punitive damages against the Defendants in such sum as this court believes is fair and reasonable;

D. Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

E.  Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

### COUNT II – Gender and Race Discrimination and Retaliation under the Illinois Human Rights Act

29. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff was subjected to discrimination based upon her gender and/or race.

31. After Plaintiff reported the gender and racial discrimination and harassment, Plaintiff was subjected to retaliation.

32. As a direct and proximate result of Defendants' actions, Plaintiff has sustained and will continue to damages.

33. The conduct of Defendants was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendants.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendants and thereafter:

A.  Order Defendant to make Plaintiff whole for any damages she has suffered including back pay, benefits of employment, and front pay;

B.  Order Defendants to pay plaintiff compensatory damages and damages for her mental anguish and humiliation

C.  Award Plaintiff punitive damages against the Defendants in such sum as this court believes is fair and reasonable;

D. Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

E. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By:   /s/ *Brandy B. Barth*
Brandy B. Barth, Ill. Bar No. 6285366
555 Washington Ave., Suite 420
St. Louis, Missouri 63101
(314) 272-4490 – Telephone
brandy@newtonbarth.com
Attorneys for Plaintiff