**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PHYLLIS MANGUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: 3:20-cv-00540-MAB |
| v. | ) | |
| | ) | |
| UNITED STATES STEEL CORPORATION | ) | |
| d/b/a GRANITE CITY STEEL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant United States Steel Corporation[1] ("Defendant" or "U. S. Steel"), by and through

its undersigned counsel and pursuant to FED. R. CIV. P. 56 and Local Rule 7.1, hereby moves this

Court for the entry of summary judgment in its favor and against Plaintiff Phyllis Mangum

("Plaintiff") as to all claims asserted in Counts I and II of Plaintiff's Complaint.  In support of its

Motion, U. S. Steel states as follows:

1.      U. S. Steel operates a steel mill known as "Granite City Works" in Granite City,

Illinois.

2.      Plaintiff was a Shift Manager in the Hot Strip Mill Department of Granite City

Works from July 2018 to October 9, 2019.

3.      U. S. Steel terminated Plaintiff for failing to successfully complete a performance

improvement plan ("PIP") because she was involved in several safety protocol violations

following the issuance of the PIP.

---

[1] Plaintiff has inaccurately identified the Defendant in the caption of this case. The legal name of the Defendant corporate entity is "United States Steel Corporation," and this Motion for Summary Judgment is submitted on behalf of Defendant United States Steel Corporation only. United States Steel Corporation does not do business as Granite City Steel Corporation.

4.      Plaintiff's Complaint includes at least six separate claims in two Counts.  In Count I, Plaintiff asserts claims arising under Title VII for gender and race discrimination and retaliation. In Count II, Plaintiff asserts claims arising under the Illinois Human Rights Act ("IHRA") for gender and race discrimination and retaliation.  Although it is unclear from the text of Plaintiff's Complaint, she may be making additional claims for hostile work environment discrimination under both Title VII and the IHRA.

5.      Plaintiff cannot make a *prima facie* case for race or gender discrimination under Title VII or the IHRA because she cannot establish that she was meeting her employer's legitimate job expectations at the time of her termination.

6.      Plaintiff cannot make a *prima facie* case for gender discrimination under Title VII or the IHRA because Plaintiff conceded that she was treated in the same manner (not less favorably) than a person *outside* of her protected class (i.e., a male Shift Manager).

7.      Even if Plaintiff were to succeed in meeting her *prima facie* burden for gender or race discrimination under Title VII and the IHRA, Plaintiff's claims must be dismissed because U. S. Steel had a legitimate non-discriminatory reason for discharging Plaintiff, and Plaintiff cannot show any evidence of pretext.

8.      Several Courts' opinions across the United States (which are cited in U. S. Steel's Memorandum of Law) have held that a violation of safety protocol is a legitimate basis for termination.  In this case, by violating safety protocol, Plaintiff was putting herself and others in danger of sustaining a serious injury or even death.  Plaintiff's violation of safety protocol, therefore, was a legitimate, non-discriminatory reason for Plaintiff's discharge.

9.      Plaintiff cannot show pretext because Plaintiff has no evidence that U. S. Steel did not genuinely believe the reason it gave for Plaintiff's termination, or that it has presented a

dishonest explanation for Plaintiff's termination.  The evidence in this case reveals that Plaintiff's supervisors were sincerely concerned about Plaintiff's performance and the safety of its employees.  This supports the conclusion that U. S. Steel terminated Plaintiff based solely upon a sincerely held interest in protecting her and other employees from injury or death.

10.      Plaintiff's claims for retaliation under Title VII and the IHRA fail for either:  (a) a lack of a causal connection between the alleged protected activity and the purported adverse employment actions; (b) because Plaintiff's actions did not qualify as a protected activity under the law; or (c) the issuance of the PIP (i.e., one of the alleged adverse employment actions) does not constitute an adverse employment action.

11.      To the extent that Plaintiff is making claims of hostile work environment under Title VII and the IHRA, her claims fails for the following reasons:  First, the alleged harassment described by Plaintiff does not constitute a hostile work environment as it was not so severe and pervasive as to alter the conditions of her employment; Second, there is no evidence that the alleged harassment was motivated by Plaintiff's gender or race; and/or Third, Plaintiff's failure to follow the reporting procedures at U. S. Steel precludes her from making a claim for hostile work environment discrimination.

12.      A Memorandum of Law in Support of Defendant's Motion for Summary Judgment, and a Statement of Uncontroverted Material Facts, are being filed simultaneously herewith.

WHEREFORE, U. S. Steel respectfully requests this Court grant its Motion for Summary Judgment in its entirety as to Counts I and II of Plaintiff's Complaint, and grant such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/ Adam D. Hirtz
Adam D. Hirtz, #48448MO
Nina C. Sykora, #68807MO
222 South Central Avenue, Suite 900
St. Louis, Missouri 63105
Telephone: (314) 827-3939
Facsimile:  (314) 827-3940
adam.hirtz@jacksonlewis.com
nina.sykora@jacksonlewis.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2021, I served a true and correct copy of the foregoing via the Court's Electronic Filing System upon the following counsel of record:

Brandy B. Barth, Esq.
Newton Barth, L.L.P.
555 Washington Avenue, Suite 420
St. Louis, Missouri 63101
Telephone:  (314) 272-4490
bbarth@newtonbarth.com

***Attorneys for Plaintiff***

/s/ Adam D. Hirtz

4848-7712-9199, v. 1